| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>          Plaintiff,<br><br>   v.<br><br>TRUJILLO, *et al.*,<br><br>          Defendants. | Case No. 1:19-cv-00399-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND FOR TONGAN INTERPRETER<br>(ECF No. 14)<br><br>ORDER GRANTING SECOND MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br>(ECF No. 13)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 9, 2019, the Court screened Plaintiff's complaint and granted Plaintiff leave to file a first amended complaint within thirty (30) days. (ECF No. 10.) On October 8, 2019, the Court granted Plaintiff a thirty-day extension of time to file his first amended complaint. (ECF No. 12.)

Currently before the Court are Plaintiff's motion to appoint counsel and a Tongan interpreter, (ECF No. 14), and Plaintiff's motion for a second extension of time to file his first amended complaint, (ECF No. 13). In both motions, Plaintiff argues that he requires counsel, an interpreter, and additional time because he received a TABE score of 2.3 in English, he has a limited knowledge of the English language, and he is suffering from brain damage that causes

1

| | |
|---|---|
| 1 | confusion and dizziness. (ECF Nos. 13, 14.) Plaintiff also argues that counsel should be |
| 2 | appointed due to the complexity of the case, and because Plaintiff cannot write artfully to the |
| 3 | Court. (Id.) |
| 4 |     Plaintiff is first informed that he does not have a constitutional right to appointed counsel |
| 5 | in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other |
| 6 | grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to |
| 7 | represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. |
| 8 | of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may |
| 9 | request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at |
| 10 | 1525. |
| 11 |     Without a reasonable method of securing and compensating counsel, the Court will seek |
| 12 | volunteer counsel only in the most serious and exceptional cases. In determining whether |
| 13 | "exceptional circumstances exist, a district court must evaluate both the likelihood of success on |
| 14 | the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the |
| 15 | complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). |
| 16 |     The Court has considered Plaintiff's request, but does not find the required exceptional |
| 17 | circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has |
| 18 | made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. |
| 19 | This Court is faced with similar cases filed by prisoners with limited literacy, limited knowledge |
| 20 | of English, and facing serious medical issues who are proceeding *pro se* and *in forma pauperis* |
| 21 | almost daily. These prisoners also must conduct legal research and prosecute claims without the |
| 22 | assistance of counsel. |
| 23 |     Furthermore, at this stage in the proceedings, the Court cannot make a determination that |
| 24 | Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the |
| 25 | Court does not find that Plaintiff cannot adequately articulate his claims. |
| 26 |     As to Plaintiff's request for an interpreter, "the expenditure of public funds [on behalf of |
| 27 | an indigent litigant] is proper only when authorized by Congress . . . ." Tedder v. Odel, 890 F.2d |
| 28 | 210, 211 (9th Cir. 1989) (internal quotation marks and citation omitted). The *in forma pauperis* |

statute does not authorize the expenditure of public funds for court-appointed interpreters. 28 U.S.C. § 1915; Loyola v. Potter, Case No. C 09-0575 PJH, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."). Further, Plaintiff has failed to allege any facts demonstrating that he is entitled to a court-appointed Tongan interpreter as an accommodation pursuant to the Americans with Disabilities Act. Therefore, the Court finds that Plaintiff has not established that this Court has the authority to appoint a Tongan interpreter to assist him with this litigation.

However, based on Plaintiff's allegations regarding his limited English proficiency and his ongoing health issues the Court finds good cause to grant a second thirty-day extension of time for Plaintiff to file his first amended complaint. Fed. R. Civ. P. 6(b).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel and a Tongan interpreter, (ECF No. 14), is DENIED, without prejudice;
2. Plaintiff's motion for extension of time to file a first amended complaint, (ECF No. 13), is GRANTED;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in the September 9, 2019 screening order or file a notice of voluntary dismissal; and
5. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated: **November 13, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3