# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Plaintiff,<br><br>v.<br><br>R. TRUJILLO, et al.,<br><br>    Defendants. | Case No. 1:19-cv-0399-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM FOR RELIEF<br><br>(ECF No. 16)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Etuate Sekona ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on December 16, 2019, is currently before the Court for screening. (ECF No. 16.)

### I.     <u>Screening Requirement and Standard</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Raquel Trujillo, Correctional Counselor; (2) L. Martinez, (3) A. Sotelo, and (4) Sillas.

Plaintiff was moved to KVSP in November 2016. He saw the ICC committee on November 29, 2016, which let Plaintiff keep his single cell status. On his annual review, on January 25, 2018, his counselor Defendant R. Trujillo, CCII counselor, moved and recommended to ICC committee to deny Plaintiff's single cell status. Trujillo did this intentionally and with knowledge that Plaintiff's safety was at risk. Plaintiff asked Trujillo and requested of her that it was a mistake to take him off single cell because he was assaulted once in MCSP (Mule Creek State Prison) on June 24, 2014, causing great harm. Plaintiff is an ADA disability from this assault, uses a wheelchair and unable to defend himself. Plaintiff was afraid of another attack inside by his cell mate again. Trujillo said that he would have to wait for his next annual review in 2019. He told her he would be assaulted again before his next annual review. On November 17, 2018, Plaintiff was assaulted by his cell mate causing a concussion, head and face injuries, including bleeding to his brain. He was hospitalized for 2 days and continues to suffer loss of memory loss, dizziness, and headaches.

Plaintiff alleges that the four named defendants "intentionally knowledge failure to acted to protected me from another risk or dangerous to my safety and security." (ECF No. 16, p. 4 [text unedited].) Plaintiff alleges a conspiracy with defendant Sillas and the chair of the ICC, Defendant Martinez, which deprived him of his right to protection of single cell status.

Plaintiff also complains about being convicted, "wrongfully convicted to C-Status," which added another 30-60 days to his sentence, and placed in the hole for 6 months. He was also deprived of his food, hot pot, T.V., fan. This was done in retaliation of his first amendment rights "because of my request of single cell." (ECF No. 16, p.6.) Plaintiff claims that being placed in the hole and adding time to his sentence was violation of his 5th Amendment right against double jeopardy.

Plaintiff alleges that Defendant Martinez was the chairman of the ICC on January 10, 2019. He, "with intentional knowledge," conspired with Defendants Trujillo and Sillas to deny Plaintiff's safety and security from another assault. Plaintiff asked Defendant Sillas several times for single cell status, but Sillas retaliated against Plaintiff and refused to give him single cell status. Plaintiff was put on C-status, in the hole, in discrimination for his race and ADA disability. Plaintiff was not fighting with his cellmate and wrongly convicted. Defendant Sotelo was the hearing officer and heard his case on November 28, 2018 and again on December 29, 2018 because of fraudulent reports. There was no investigation or witnesses called in denial of due process. Sotelo was racist.

Defendants did this conduct in their individuals and official capacities. Plaintiff seeks damages.

### III. Discussion

### A. Federal Rule of Civil Procedure 8

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

As indicated above, Plaintiff's complaint is short but it is not a plain statement of his claims. It contains multiple incoherent phrases and conclusory statements. It is less clear than the original complaint. As pled, Plaintiff's complaint does not clearly and succinctly state what happened or when it happened. Absent clear factual allegations, the Court can neither identify the nature of Plaintiff's claims nor assess whether he has stated a cognizable claim for relief.

**B.  Official Capacity**

Plaintiff again sues the individual defendants in their official capacity. To the extent Plaintiff is attempting to pursue damages claims against the named Defendants in their official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed against Defendants in their individual capacities for monetary damages.

**C.  Eighth Amendment - Failure to Protect**

Although still unclear, it appears that Plaintiff may be attempting to assert a claim for failure to protect him from harm based on the attack by his cellmate, which Plaintiff contends resulted from the Defendants' removal of his single cell status.

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 83334, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d

4

1177, 1181 (9th Cir.2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

"While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) ). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348–49 (1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

An inmate has no constitutional right to a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison or with a particular inmate. See Meachum v. Fano, 427 U.S. at, 224–25 (no liberty interest in placement in particular facility); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir.1993) (no Due Process right to be housed with compatible inmate); Bjorlin v. Hubbard, No. CIV S–09–1793 2010 WL 457685, *1 (E.D.Cal. Feb. 4, 2010) (same).

Here, Plaintiff fails to adequately allege that any of the named Defendants knew of any specific risk of harm to Plaintiff from an assault by an inmate. At most, Plaintiff alleges that Defendant Trujillo, Silas and Martinez should have known of a risk of harm to Plaintiff because

5

he was harmed at a different state prison by his then cellmate, many years earlier. Plaintiff does not allege that he informed defendants of any specific threat of harm that he faced from his cellmate. Plaintiff does not allege that Plaintiff informed Defendants that this cellmate was a danger or allege anything more than that Plaintiff should have remained single cell because he had been attacked before. Plaintiff merely alleges he was denied single cell status in January 2018 and the attack occurred in November 2018. This is an insufficient allegation for an Eighth Amendment claim. Plaintiff has failed to allege plausible facts that the officials knew of and disregarded an excessive risk to inmate health or safety from his cellmate. Despite being advised previously of this deficiency and given leave to amend, Plaintiff has been unable to cure this deficiency.

### D. Fourteenth Amendment – Due Process - Hearing on RVR

"When protected interests are implicated, the right to some kind of prior hearing is paramount...." Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70 (1972)). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.

1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." Hill, 472 U.S. at 455-56.

It is unclear from Plaintiff's allegations what he claims was the Due Process violation at his RVR hearing. Plaintiff claims he was denied witnesses, but this lacks factual specificity such as did he request witnesses, whether they were denied for security issues, and other factual allegations about his to RVR hearings. Thus, Plaintiff's factual allegations fail to establish that the disciplinary proceeding did not meet the minimum procedural requirements. Despite being advised previously of this deficiency and given leave to amend, Plaintiff has been unable to cure this deficiency.

**E.    Equal Protection**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that

7

such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff states conclusory allegations that he was discriminated against by defendants because of his race in being found guilty of a violation for fighting and being assessed 30-60 days. Again, Plaintiff has pleaded no facts indicating that he was placed in a double cell due to discrimination on the basis of a protected class. Further, Plaintiff has no pleaded facts that he was assessed 30-60 days because of his race. Plaintiff's conclusory statement that he was discriminated against because of his race is not sufficient. Despite being advised previously of this deficiency and given leave to amend, Plaintiff has been unable to cure this deficiency.

**F. Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) ). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff's allegations are conclusory and fail to allege that Defendant Trujillo knew of

8

Plaintiff's 602 or took any "adverse action" against Plaintiff because of the 602. Although not clear, the allegations suggest that Plaintiff was found guilty of the RVR for fighting, and after that, Plaintiff filed his 602. In addition, Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Despite being advised previously of this deficiency and given leave to amend, Plaintiff has been unable to cure this deficiency.

### G. False Reports/Accusations

The creation of false evidence, standing alone, is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Johnson v. Felker, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." Jones v. Prater, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); see also Youngs v. Barretto, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Plaintiff cannot state a claim for falsely being accused of an RVR for fighting.

### H. Habeas Corpus and Double Jeopardy

Plaintiff is challenging the 30-60 day length of confinement of his RVR conviction.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under...42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination

rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).

In Heck, the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

Plaintiff may not proceed in a civil rights action to challenge the validity of his sentence. His exclusive method is by an action for a writ of habeas corpus.

Plaintiff also claims a violation of double jeopardy because he was tried twice for the same rules violation.

The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.' " Kansas v. Hendricks, 521 U.S. 346, 369, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), quoting Witte v. United States, 515 U.S. 389, 396, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

To the extent Plaintiff is attempting to plead a double jeopardy claim, his federal legal remedy lies in a writ of habeas corpus. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 485–86, 93 S.Ct.

1827, 36 L.Ed.2d 439 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1990), cert. denied 11 S.Ct. 1090 (1991).

**I.     Americans with Disabilities Act**

Plaintiff refers to himself as an ADA inmate, and it is unclear if he is asserting ADA claims.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lowell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). However, Plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his or her individual capacity to vindicate rights created by Title II of the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

Additionally, treatment, lack of treatment, or misdiagnosis will not support such a claim. The ADA prohibits discrimination because of disability, not inadequate treatment for disability. Simmons, 609 F.3d at 1022, overruled on other grounds by Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016); see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners .... The ADA does not create a remedy for medical malpractice."). Inadequate treatment or lack of treatment for Plaintiff's medical condition does not in itself suffice to create liability under the ADA. Tandel v. Cty. of Sacramento, 2015 WL 1291377, at *18 (E.D. Cal. Mar. 20, 2015). Thus, Plaintiff's complaint regarding treatment decisions are not sufficient. Bryant, 84 F.3d at 249 ("No discrimination is alleged; Bryant was not treated worse because he was disabled. His complaint is that he was not given special accommodation.")

**J.     Conspiracy**

To establish a cognizable claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must allege (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010). To establish a conspiracy, Plaintiff allege specific facts showing "an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the

11

conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal citations and quotation marks omitted). The mere conclusory statement that defendants "conspired" together is not sufficient to state a cognizable claim. Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Plaintiff asserts that Trujillo, Martinez, Sotelo and Sillas are acting, and, in the past, have acted, jointly together to obstruct, deny, delay, and deprive Plaintiff of his right to single cell status. However, Plaintiff has failed to allege any specific facts showing the existence of an agreement, or a meeting of the minds, among specified Defendants to deprive Plaintiff of his constitutional rights. Moreover, Plaintiff does not have a constitutional right to single cell status. Therefore, Plaintiff has not alleged a cognizable claim for conspiracy.

**IV.     Conclusion and Order**

For the reasons discussed herein, Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards in the Court's prior order screening Plaintiff's original complaint, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///
///
///
///
///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 27, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE